FILED

**NOT FOR PUBLICATION**

JUN 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50417 |
| Plaintiff - Appellee, | D.C. No. 3:15-cr-07040-BEN |
| v. | |
| PONO NAKANEOKEKAIK PAU, a.k.a. Pono Pau, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Pono Nakaneokekaik Pau appeals from the district court's judgment and
challenges the 12-month sentence imposed upon his second revocation of
supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Pau contends that the district court procedurally erred by failing to consider the 18 U.S.C. § 3583(e) sentencing factors, and instead imposing a predetermined sentence based on a promise it made at an earlier sentencing hearing. We reject this contention. The record reflects that the court considered the relevant section 3583(e) sentencing factors, as well as the parties' sentencing positions, prior to imposing sentence. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). Moreover, while the court referenced the "promise" it made at the earlier sentencing hearing, it did not impose sentence on that basis. To the contrary, the court stated that it would "cut [Pau] a little slack" and not impose the sentence it "promised" at the first sentencing hearing.

Pau also contends that the district court procedurally erred by considering the need to punish the conduct underlying his revocation, an impermissible sentencing factor. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the court considered only permissible sentencing factors and imposed the sentence in order to sanction Pau's breach of the court's trust. *See United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007).

**AFFIRMED.**